IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| **Afefa Wilcots,** <br>       Plaintiffs, <br><br> v. <br><br> **TLC Chiropractic,** <br>       Defendant. | **Case No. CIV-21-799-SLP** |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and hereby pleads her claims as follows:

## PARTIES

1. Plaintiff is Afefa Wilcotz, previously known as Afefa Bruner, an adult resident of Oklahoma County, Oklahoma.

2. Defendant is TLC Chiropractic operating in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff's claims are for discrimination on the basis of race, color, including termination and retaliation, in violation of Title VII of the Civil

Rights Act of 1964 ("Title VII") and Oklahoma's Anti-Discrimination Act ("OADA").

4. All of the acts complained of herein occurred in Oklahoma County. Plaintiff worked out of Oklahoma County and Defendant may be served in that county. Wherefore, venue is proper in this court.

5. Defendant is based in Oklahoma County and can be served in Oklahoma County, wherefore venue is proper in this Court.

## STATEMENT OF FACTS

6. Upon information and belief, Defendant employed fifteen (15) or more employees during each of at least twenty (20) weeks of the current or proceeding calendar year and is a covered employer under the Title VII. There is no minimum employee requirement to be covered by the OADA.

7. Plaintiff Wilcots was an employee of Defendant from approximately April 17, 2018, until her termination on or around June 5, 2020. At the time of her termination, Plaintiff was a Chiropractic Assistant.

8. Plaintiff is an African American female.

9. During Plaintiffs' employment, she was subjected to and/or witnessed frequent race-related differential treatment from her supervisor, Tracy Calamaio ("Calamaio") (Caucasian female), who is the owner of Defendant company. Such treatment included, but is not limited to, the following:

    a. Calamaio withheld keys from Plaintiff for over three (3) months after Plaintiff was hired, but gave keys to a newer employee, Sabrina (Caucasian female) within the first week or two;

    b. Upon hiring Plaintiff, an African American female, Calamaio installed security cameras over Plaintiff's desk;

    c. Calamaio made comments about Plaintiff's "tone" in text messages; such comments had racial undertones and stereotypes that discriminate against those in Plaintiff's protected class;

    d. When another employee filed for unemployment after

termination, Calamaio stated that she could appeal her unemployment claim, but that she would not;

    e.    Calamaio gave Plaintiff a write-up for not wearing makeup and stated that she was required to do so, however others of different races were not required;

    f.    Calamaio required Plaintiff to do more menial chores than other employees including, but not limited to, restoring the wood floors, laundry, and janitorial work; and

    g.    When Defendant terminated Plaintiff, Defendant had her husband be present "in case [Plaintiff] got belligerent" when there was no history of Plaintiff ever being belligerent or disrespectful.

10. Such statements and actions were objectively offensive and were subjectively offensive to Plaintiff, creating a hostile working environment.

11. Plaintiff complained about the behavior and statements, but no remedial

actions were taken and the discriminatory behavior continued.

12. On or around June 5, 2020, Defendant terminated Plaintiff claiming Defendant "did not have enough hours for [Plaintiff]".

13. This reason for termination was pretextual and false.

14. At the least, Plaintiff's termination was motivated, in whole or in part, by her race, color and/or their complaints regarding the race-based comments and race-motivated actions.

15. Plaintiff filed a charge of discrimination with the EEOC within one hundred eighty (180) days of her termination. The EEOC issued Plaintiff's right to sue letters. This Complaint is timely filed within ninety (90) days of receipt of the right to sue letter.

16. As a direct result of the Defendant's conduct, Plaintiff has suffered, and continues to suffer, wage loss (including back, present and front pay) and emotional distress/dignitary harm damages.

17. Discrimination due to Plaintiff's race and retaliation for making

complaints of such harassment, are prohibited by Title VII and the OADA.

18. Under Title VII and the OADA, Plaintiff is entitled to compensation for all lost wages and benefits arising from the termination.

19. Under the Title VII, Plaintiff is also entitled to recover damages for the dignitary harms suffered as a result of such termination.

20. Because the actions of Defendant were willful, malicious, or in reckless disregard for Plaintiff's rights, Plaintiff is entitled to an award of punitive damages under Title VII.

21. Plaintiff are further entitled to liquidated damages in an amount equal to their lost wages and benefits, under the OADA.

## PRAYER

The actual damages under Plaintiff's claims exceed Ten Thousand Dollars ($10,000.00).

**WHEREFORE**, Plaintiff pray that this Court enter judgment in favor

of Plaintiff and against Defendant, and assess actual, compensatory and punitive damages together with pre- and post-judgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 13th DAY OF AUGUST 2021.**

*s/ Leah M. Roper*
Leah M. Roper, OBA # 32107
CENTER FOR EMPLOYMENT LAW
1133 N. Portland Ave.
Oklahoma City, OK 73107
Telephone: 405.252.1180
leah@centerforemploymentlaw.com
ATTORNEY FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**